ACCEPTED
12-14-00125-cr
TWELFTH COURT OF APPEALS
TYLER, TEXAS
1/29/2015 2:39:02 PM
CATHY LUSK
CLERK

CAUSE NO. 12-14-00125-CR

IN THE

THE 12th DISTRICT COURT OF APPEALS

FOR THE

STATE OF TEXAS

RECEIVED IN
12th COURT OF APPEALS
TYLER, TEXAS
1/29/2015 2:39:02 PM
CATHY S. LUSK
Clerk

JEFFERY DOCK WRIGHT,

APPELLANT

V.

THE STATE OF TEXAS,

APPELLEE

FILED

01/29/15

Twelfth Court of Appeals
Cathy Lusk
Clerk

## STATE'S REPLY TO APPELLANT'S BRIEF

D. MATT BINGHAM
Criminal District Attorney
Smith County, Texas

MICHAEL J. WEST
Assistant Criminal District Attorney
Bar I.D. No. 21203300
Smith County Courthouse
100 N. Broadway
Tyler, Texas 75702
ph: (903) 590-1720
fax: (903) 590-1719

ORAL ARGUMENT NOT REQUESTED

# TABLE OF CONTENTS

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

REPLY TO APPELLANT'S POINTS OF ERROR . . . . . . . . . . . . . . . . . . . . . . . . . 2

COUNTERPOINT ONE: Appellant has waived any error where he
offered testimony concerning his conviction for possession
of cocaine. Alternatively, the trial court was within its discretion
in overruling Appellant's objections to the alleged hearsay
statements of an out-of-court witness. (Response to Points of Error
One & Two) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

PRAYER FOR RELIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

# INDEX OF AUTHORITIES

**STATUTE/RULES** **PAGE**

**TEX. R. APP. PROC. (Vernon 2015)**

Rule 44.2 (b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 15

**TEX. R. EVID. (Vernon 2014)**

Rule 403 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
Rule 801(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
Rule 801(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9

**FEDERAL CASES** **PAGE**

*Crawford v. Washington*, 541 U.S. 36,
124 S.Ct. 1354, 158 L.Ed. 2d 177 (2004) . . . . . . . . . . . . . . . . . . . . . . . passim

*Davis v. Washington*, 547 U.S. 813,
126 S.Ct. 2266, 165 L.Ed. 2d 224 (2006) . . . . . . . . . . . . . . . . . . . . . . . 13

**STATE CASES** **PAGE**

*Brown v. State*, 457 S.W.2d 917
(Tex.Crim. App. 1970) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Carrillo v. State*, 98 S.W.3d 789
(Tex.App. - Amarillo 2003, *pet. ref'd*) . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Dinkins v. State*, 894 S.W.2d 330
(Tex.Crim.App. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

*Dixon v. State*, 244 S.W.3d 472
(Tex.App. - Houston [14th Dist.] 2007, *pet. ref'd*) . . . . . . . . . . . . . . . . . . 12

## STATE CASES (CONT.)                                                    PAGE

*Ethington v. State*, 819 S.W.2d 854
(Tex.Crim.App. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3

*Garcia v. State*, 212 S.W.3d 877
(Tex.App. - Austin 2006, *no pet.*) . . . . . . . . . . . . . . . . . . . . . . . . . . .   12

*Hudson v. State*, 675 S.W.2d 507
(Tex.Crim.App. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5

*Johnson v. State*, 967 S.W.2d 410
(Tex.Crim.App. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5

*Johnson v. State*, 43 S.W.3d 1
(Tex.Crim.App. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5

*Jones v. State*, 843 S.W.2d 487
(Tex.Crim.App. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   9

*Kirby v. State*, 208 S.W.3d 568
(Tex.App. - Austin 2006, *no pet.*) . . . . . . . . . . . . . . . . . . . . . . . . . . .   5

*Lane v. State*, 151 S.W.3d 188
(Tex.Crim.App. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

*Langham v. State*, 305 S.W.3d 568
(Tex.Crim.App. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   13, 14

*Martinez v. State*, 91 S.W.3d 331
(Tex.Crim.App. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5

*Maynard v. State*, No. 08-01-00359-CR, 2003 Tex.App. LEXIS 9174
(Tex.App. - El Paso Oct. 28, 2003, *pet. ref'd*)
(not designated for publication) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   8

## STATE CASES (CONT.)                                                        PAGE

*Melvin v. State*, No. 12-10-00153-CR, 2011 Tex.App. LEXIS 5432
(Tex.App. - Tyler July 13, 2011, *no pet.*)
(not designated for publication) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   10

*Montgomery v. State*, 810 S.W.2d 372
(Tex.Crim.App. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4, 5

*Robertson v. State*, No. 12-12-00033-CR, 2013 Tex.App. LEXIS 9554
(Tex.App. - Tyler July 31, 2013,  *no pet.*)
(not designated for publication) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   10

*Rosales v. State*, 932 S.W.2d 530
(Tex.App. - Tyler 1995, *pet. ref'd*) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5

*Schaffer v. State*, 777 S.W.2d 111
(Tex.Crim.App. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6, 7

*Solomon v. State*, 49 S.W.3d 356
(Tex.Crim.App. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   15

*Thomas v. State*, 621 S.W.2d 158
(Tex.Crim.App. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5

*Torres v. State*, 71 S.W.3d 758
(Tex.Crim.App. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

CAUSE NO. 12-14-00125-CR

IN THE

THE 12th DISTRICT COURT OF APPEALS

FOR THE

STATE OF TEXAS

---

JEFFERY DOCK WRIGHT,

APPELLANT

V.

THE STATE OF TEXAS,

APPELLEE

---

**STATE'S REPLY TO APPELLANT'S BRIEF**

---

**TO THE HONORABLE COURT OF APPEALS:**

Comes now the State of Texas, by and through the undersigned Assistant Criminal District Attorney, and respectfully urges this Court to overrule Appellant's alleged errors and affirm the judgment of the trial court in the above-numbered cause.

### STATEMENT OF THE CASE

Appellant, Jefferey Dock Wright, was indicted in Cause No. 241-1880-13, filed

1

in the 241st District Court of Smith County, Texas, with the offense of Possession of a Controlled Substance. (CR: 1). On May 13, 2014, the case was tried to a jury and Appellant was convicted of the offense alleged by the indictment. (RR 2: 146). The same jury, after hearing evidence and argument of counsel, assessed the maximum sentence of ten (10) years confinement in the Texas Department of Criminal Justice - Institutional Division and no fine. (RR 2: 199).

## STATEMENT OF FACTS

Appellant has accurately stated the essential nature of the evidence presented at his trial. In the interest of judicial economy any other facts not mentioned herein that may be relevant to disposition of Appellant's point of error will be discussed in the State's argument in response to that point.

## REPLY TO APPELLANT'S POINTS OF ERROR AND SUMMARY OF ARGUMENT

**COUNTERPOINT ONE: Appellant has waived any error where he offered testimony concerning his conviction for possession of cocaine. Alternatively, the trial court was within its discretion in overruling Appellant's objections to the alleged hearsay statements of an out-of-court witness. (Response to Points of Error One & Two)**

**A.     Summary of Argument**

Appellant complains under two separate points that the trial court abused its discretion in admitting testimony from police Sgt. Walsworth that he was told that a person, who was ultimately found to be Appellant, was refusing to give a victim his

2

car keys because of an unpaid debt for drugs. According to Appellant this left the jury with the impression that he was a drug dealer. (Appellant's brief at 7-14). However, Appellant waived this complaint where he offered evidence on direct that he was previously convicted for possessing cocaine. In addition, the evidence complained-of was properly admitted under an exception to the hearsay rule regarding the information the officer acted upon.

**B.  APPELLANT WAIVED HIS COMPLAINT BY OFFERING THE SAME EVIDENCE**

Initially, the State would suggest that before the Court assesses Appellant's two points it may be that he has waived any complaint in this case regarding the testimony of Sgt. Walsworth. According to Appellant, evidence that Sgt. Walsworth was told that a black male was withholding a set of car keys as the result of a drug debt was inadmissible and he complains that "[t]hese details suggested that Appellant was a drug dealer." (Appellant's brief at 11).

However, Appellant took the stand in his defense and admitted that he had several prior convictions - including one for possessing cocaine. (RR 2: 89, 108-09). This evidence was equally likely, if not more so, to cause the jury to believe that he was a drug dealer.

The law provides that a party must also object each time inadmissible evidence is offered to preserve error. *Ethington v. State*, 819 S.W.2d 854, 858 (Tex.Crim.App.

3

1991). Moreover, an error in the admission of evidence is cured where the same evidence comes in elsewhere without objection. *Lane v. State*, 151 S.W.3d 188, 193 (Tex.Crim.App. 2004) *see also Brown v. State*, 457 S.W.2d 917, 919 (Tex.Crim. App. 1970) (objection to evidence is waived when same evidence is introduced by another witness without objection or by defendant's own witness, or when same evidence is elicited by defendant's own trial counsel).

It may be that Appellant has waived his alleged errors by not only failing to object to testimony tying him to drug dealing, but by offering proof from the stand that he had been previously convicted for possessing cocaine.

## C. STANDARD OF REVIEW

Should the Court conclude that Appellant has not waived error, it should review the trial court's decision to admit evidence under an abuse of discretion standard. *Torres v. State*, 71 S.W.3d 758, 760 (Tex. Crim.App. 2002). An abuse of discretion occurs when a court acts arbitrarily or unreasonably, without reference to guiding rules or principles. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex.Crim. App. 1990). The trial court is given wide discretion and latitude in its decision and this Court should not reverse an evidentiary ruling as long as it is "within the zone of reasonable disagreement." *Torres*, 71 S.W.3d at 760. The trial court's ruling should not be disturbed under this standard simply because this Court might decide a

4

question differently than the trial judge. *Montgomery*, 810 S.W.2d at 391. An appellate court may uphold the trial court's ruling on the admission or exclusion of evidence on any legal theory or basis applicable to the case. *Martinez v. State*, 91 S.W.3d 331, 336 (Tex.Crim.App. 2002).

A violation of the evidentiary rules that results in the erroneous admission of evidence is nonconstitutional error. *Kirby v. State*, 208 S.W.3d 568, 574 (Tex.App. - Austin 2006, *no pet.*); *see also Johnson v. State*, 967 S.W.2d 410, 417 (Tex.Crim. App. 1998). Nonconstitutional error is reversible only if it affects the substantial rights of the accused. TEX. R. APP. PROC. Rule 44.2 (b) (Vernon 2015); *Johnson v. State*, 43 S.W.3d 1, 4 (Tex.Crim.App. 2001).

Importantly, it is well settled that the admission of hearsay evidence does not constitute reversible error if the same facts were proven by evidence introduced without objection. *Thomas v. State*, 621 S.W.2d 158, 164 (Tex.Crim.App. 1981); *Rosales v. State*, 932 S.W.2d 530, 536 (Tex.App. - Tyler 1995, *pet. ref'd*). Therefore, "counsel must object every time allegedly inadmissible evidence is offered." *Hudson v. State*, 675 S.W.2d 507, 511 (Tex.Crim.App. 1984).

## D. APPLICATION TO THE FACTS OF THE CASE

Applicant complains that the trial court overruled his objections to testimony from an investigating officer which explained the reason why he came into contact

5

with Appellant. It should be noted that the testimony developed during a pretrial hearing was much more detailed than that presented at trial.

At the pretrial hearing, Sgt. Walsworth testified that he was dispatched to a call regarding people being "held against their will" at a Tyler hotel known for being a haven for drugs and prostitution. (RR 2: 8). The officer testified further that he subsequently contacted Appellant because of what he was informed of by the persons who called police. He told the trial court that:

> Connie Ivy advised he was being held against his will by a black male in room 128, and he did not know why. But then Tonya Martin advised to tell the truth; that the reason they were being held there is because the black male in room 128 had the car keys to their car and had kept Connie Ivy's car for a drug debt.
>
> (RR 2: 9).

The jury heard considerably less of this testimony when it was offered at trial. Sgt. Walsworth testified that he was dispatched on a call to the Lone Star Inn "indicating that in room 115 two individuals were being held against their will, but the - but the individuals holding them against their will were not currently in the room." (RR 2: 31). He spoke to the persons in Room 115 and the jury heard Sgt. Walsworth's reason to then go to Room 128 where he encountered Appellant:

Q.   Okay. And during your conversation with Mr. Ivy, were any indications made as to why the keys to his vehicle would be located in room 128?

6

**A.**     It was determined that the room 128, the subject in that room had the keys to the car over a possible drug debt that was owed to Mr. - I mean, that Mr. Ivy owed somebody.

(RR 2: 34).

This single answer by Sgt. Walsworth is the only mention he ever made during the actual trial regarding the car keys being held because of a drug debt. The Court can note that this answer specifically does not mention Appellant as being the "somebody" to whom the drug debt was owed.

Appellant now argues that this testimony was inadmissible and further caused him harm because "these details suggested that Appellant was a drug dealer, consequently linking him to the cocaine found in [the] room." (Appellant's brief at 11-12). However, in the context of these arguments, the record reveals that Appellant testified both on direct and on cross-examination without any objection, that he had previously been convicted of a State Jail felony Possession of a Controlled Substance, namely cocaine. (RR 2: 89, 108-09).[1]

## 1.     Information acted upon is not hearsay

Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." TEX. R. EVID. Rule 801(d) (Vernon 2014). As a general rule, information acted upon

---

[1] The jury also learned from Appellant that he had three Robbery convictions and a State jail felony conviction for Evading Arrest with a Vehicle. (RR 2: 107-08).

is not hearsay because it is typically not offered for the truth of the matter asserted, but instead is offered to relate how a person happened upon the scene of a crime or accident. *See Schaffer v. State*, 777 S.W.2d 111, 114-15 (Tex.Crim.App. 1989) (applying rule to testimony of police officer); *see also Maynard v. State*, No. 08-01-00359-CR, 2003 Tex. App. LEXIS 9174, at *3 (Tex.App. - El Paso Oct. 28, 2003, *pet. ref'd*) (not designated for publication) (applying same rule to testimony acted upon by private citizen).[2] Information acted upon, however, is hearsay when the intent of its offer is to prove the truth of the matter asserted. *See Schaffer*, 777 S.W.2d at 115.

In this case, the evidence that a black male in Room 128 was holding onto a set of car keys because of a drug debt owed to somebody was not offered for the truth of the matter being asserted. (RR 2: 17). The trial court conducted a Rule 403 balancing test for relevancy and found the evidence not only relevant, but also found that ". . . those statements made to Sergeant Walsworth then led him, in the course of his investigation, to the room where the defendant was found." (RR 2: 18). *See* TEX. R. EVID. Rule 403 (Vernon 2014) ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice,

---

[2] The State offers unpublished opinions to point out the reasoning of the court when faced with similar facts "rather than simply arguing without reference, that same reasoning." *Carrillo v. State*, 98 S.W.3d 789, 794 (Tex.App. - Amarillo 2003, *pet. ref'd*).

8

confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence.").

The trial court was correct in its reasoning. Without the evidence concerning an unnamed person in Room 128 holding the keys, the State would be unable to show the jury the true context of the investigation, or provide them with any logical reason for why police even went to Room 128. The record is clear that the *only* reason Sgt. Walsworth went to Room 128 was because of what he learned from the occupants of Room 115. Consequently, regardless of the truth of the matter being asserted, the evidence complained-of was vital to the jury's understanding of how Appellant came to be charged with the offense that they were selected to decide.

'Hearsay" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." TEX. R. EVID. Rule 801(d) (Vernon 2014). A "statement" includes an oral or written verbal expression. *Id.* at Rule 801(a)(1). An out-of-court statement which is not offered to prove the truth of the matter asserted therein, but is offered for some other reason, is not hearsay. *Dinkins v. State*, 894 S.W.2d 330, 347 (Tex.Crim.App. 1995); *Jones v. State*, 843 S.W.2d 487, 499 (Tex.Crim.App. 1992), *overruled on other grounds*, 48 S.W.3d 196, 200 (Tex.Crim.App. 2001). In *Jones*, the Court of Criminal Appeals stated:

9

At the guilt/innocence phase of the trial the arresting officer testified that after listening to another detective question Yelen Comalander, he began to suspect appellant in this offense, and that he then had an arrest warrant issue for appellant. The State argues that this testimony is not hearsay because it was not introduced for the truth of the matter asserted, but to explain how the officer came to suspect appellant, seek an arrest warrant for him, and then arrest him.

Because the statement was not offered to prove the truth of the matter asserted, but to show why the officer got an arrest warrant for and arrested appellant it was not objectionable as hearsay.

*Jones*, 843 S.W.2d at 499.

The Court of Criminal Appeals revisited the issue in *Dinkins, supra,* and reaffirmed *Jones* when it held that an appointment book and an application form with the defendant's name in it were admitted to show how the defendant became a suspect, not for the truth of the matter asserted. *Dinkins*, 894 S.W.2d at 347.

This Court has held that police may testify to explain how an investigation occurred and/or how a defendant became a suspect. *See Robertson v. State*, No. 12-12-00033-CR, 2013 Tex.App. LEXIS 9554 at *12-14 (Tex.App. - Tyler July 31, 2013, *no pet.*) (not designated for publication) (it was reasonable for the trial court to allow a allegedly hearsay statement into evidence because it explained why the declarant arrived at the appellant's house and took possession of the gun used in the shooting); *Melvin v. State*, No. 12-10-00153-CR, 2011 Tex. App. LEXIS 5432 *4-5 (Tex.App. - Tyler July 13, 2011, *no pet.*) (not designated for publication) (" . . . courts

10

have held that testimony explaining how an officer came to suspect a particular individual is admissible because it was "not offered to prove the truth of the matter asserted."). In this case, the evidence was clearly admissible for the reason it was offered and there is no merit to Appellant's first point of error.

## 2. Appellant's right to confrontation was not violated

Under his second point, Appellant argues that the evidence in question should have been excluded where it violated his right to confront the persons in Room 115 where they did not testify at trial. (Appellant's brief at 11-13). There is no merit to this claim for several reasons including that the evidence was not hearsay by exception and was also not testimonial. The Supreme Court set out the test for admission of testimonial statements when the witness is unavailable in *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed. 2d 177 (2004).

Concerned with the use of testimonial hearsay evidence obtained under coercive conditions, the Court in *Crawford*, an assault and attempted-murder case, banned the use of a eyewitness statement obtained by police from the defendant's wife, Sylvia Crawford. *Id.* at 541 U.S. 53-54. The wife had been taken into custody, had been read her *Miranda* warnings, was being tape-recorded, had been told that whether or not she would be allowed to leave depended on how the investigation progressed, and had been twice subjected to interrogation in the form of structured

11

police questioning by police detectives. *Id.* at 48. In addition to banning the use of such statements made under police interrogation, absent unavailability of the witness and a prior opportunity for cross-examination, the Court also specifically included in its testimonial-evidence rule not just statements made under police interrogation, but also prior testimony at a preliminary hearing, testimony before a grand jury, and testimony at a former trial. *Id.* at 52-53.

In this case, the record shows that the information relayed to Sgt. Walsworth regarding Room 128 was not obtained via "police interrogation" and was apparently not reduced to a sworn statement in any form. Given that the occupants of Room 115 were in the process of reporting an ongoing crime when they spoke to Sgt. Walsworth, their statements were much like the content of 911 calls which is the kind of evidence that has been routinely found to be "nontestimonial" for purposes of a *Crawford* analysis. *See Dixon v. State*, 244 S.W.3d 472, 484-85 (Tex.App. - Houston [14th Dist.] 2007, *pet. ref'd*) (excited caller who reported that her boyfriend had just assaulted her in her car was seeking immediate police assistance, not making a formal statement for later use.); *Garcia v. State*, 212 S.W.3d 877, 883-84 (Tex.App. - Austin 2006, *no pet.*) (mother made statement to responding officer after mother called 911 to report that father had assaulted her, forcibly taken their child, and was still at large.).

12

The Confrontation Clause of the Sixth Amendment to the United States Constitution provides: "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. CONST. Amend. VI. However, the Confrontation Clause applies only to "testimonial" hearsay. *See Davis v. Washington*, 547 U.S. 813, 823, 126 S. Ct. 2266, 165 L. Ed. 2d 224 (2006); *Langham v. State*, 305 S.W.3d 568, 576 (Tex.Crim.App. 2010).

In *Langham*, the Court of Criminal Appeals reviewed the admisiblity of information provided to an officer by a non-testifying confidential informant ("CI") which was used by the officer to secure a search warrant for the appellant's residence. *Id.* at 580. The information provided to the officer specifically named the appellant as being involved in drug dealing at a specific address. *Id.* Finding that "the greater and more damning the detail contained in that out-of-court statement, the greater the likelihood that the jury will gravitate toward the improper use" the Court held that the CI's information qualified as hearsay and was admitted in violation of the Confrontation Clause. *Id.* at 580-82. In reaching this conclusion the Court stated:

> Parenthetically, the Supreme Court has observed that an out-of-court statement, even one that falls within its definition of "testimonial" statements, is not objectionable under the Confrontation Clause to the extent that it is offered for some evidentiary purpose other than the truth of the matter asserted. (footnote omitted). When the relevance of an out-of-court statement derives solely from the fact that it was made, and not from the content of the assertion it contains, there

13

is no constitutional imperative that the accused be permitted to confront the declarant. In this context, the one who bears "witness against" the accused is not the out-of-court declarant but the one who testifies that the statement was made, and it satisfies the Confrontation Clause that the accused is able to confront and cross-examine him.

*Langham*, 305 S.W.3d at 576-577.

In this case, the information relayed to Sgt. Walsworth is completely unlike that found in *Langham* as it did not specifically name Appellant, did not state that it was Appellant who was dealing drugs, and led the Sergeant to a motel room that was not registered in Appellant's name. (RR 2: 17, 31, 34, 85, 109-10).

Consequently, the complained-of testimony of Sgt. Walsworth here totally lacks the "greater and more damning details" that the Court in *Langham* found to increase the likelihood that a jury would consider it a hearsay statement being impermissibly offered for the truth of the matter asserted. Instead, the relevance of the statement to Sgt. Walsworth was "derive[d] solely from the fact that it was made, and not from the content of the assertion it contain[ed]" and thus it was not hearsay by exception and did not implicate Appellant's right to confrontation beyond that which was surely satisfied by Appellant's cross-examination of Sgt. Walsworth. *Id.* at 576-577. For these reasons, there is no merit to Appellant's second point of error and it should be overruled.

14

## 3. If there was error, Appellant has not shown he was harmed

Finally, should the Court conclude that the trial court abused its discretion in the admission of the complained-of testimony, Appellant cannot show any harm. Errors in admitting evidence are non-constitutional. *Solomon v. State*, 49 S.W.3d 356, 365 (Tex.Crim.App. 2001). Such errors must be disregarded unless they affect substantial rights. *See* TEX. R. APP. PROC. Rule 44.2 (b) (Vernon 2015); *Solomon*, 49 S.W.3d at 365.

Here, Appellant does not specifically argue in what manner he was harmed other than to merely speculate that the testimony of Sgt. Walsworth "indicated," "implicated" or "suggested" that Appellant was a "drug dealer." (Appellant's brief at 6-7, 11 ). The State would respectfully submit that Appellant's self-admitted five prior felony convictions, including three for Robbery, one for Evading Arrest with a Vehicle and another for Possession of a Controlled Substance, along with the facts of the case itself, had a much greater impact upon the assessment of the maximum sentence than the testimony now complained-of. (RR 2: 89, 107-09). Consequently, Appellant has not shown that the error, if any, under his points of error had a "substantial impact" on his right to a fair trial and his points of error should be overruled.

15

## PRAYER

**WHEREFORE,** for the reasons stated herein, the State of Texas prays that the Court of Appeals overrule Appellant's Points of Error and affirm the judgment of the 241st District Court, Smith County, Texas, in this case.

Respectfully submitted,

D. MATT BINGHAM
Smith County Criminal District Attorney

Michael J. West
Asst. Criminal District Attorney
Bar I.D. No. 21203300
100 N. Broadway, 4th Fl.
Tyler, Texas 75702
(903) 590-1720
(903) 590-1719 (fax)
mwest@smith-county.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4 (i)(3), the undersigned attorney certifies that the word count for this document is 3,292 words as calculated by Corel WordPerfect X6.

Michael J. West

16

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 29th day of January, 2015, the following have been completed:

(1) The original legible copy of the State's Response to Appellant's Brief in the above numbered cause has been sent via electronic filing to the Clerk of the Court of Twelfth Court of Appeals.

(2) A legible copy of the State's Response to Appellant's Brief in the above numbered cause has been sent has been sent via electronic filing to:

Mr. James Huggler
Attorney at Law
100 E. Ferguson, Ste. 805
Tyler, Texas 75702

Michael J. West
Asst. Criminal District Attorney
Bar I.D. No. 21203300
100 N. Broadway, 4th Fl.
Tyler, Texas 75702
(903) 590-1720
(903) 590-1719 (fax)

17